UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CREDIT EUROPE BANK, N.V.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TUSPA TRADE, LLC,<br><br>　　　　Defendant. | Case No. 3:17-cv-0129-LRH-WGC<br><br>ORDER |

Before the court is plaintiff Credit Europe Bank, N.V.'s ("CEB") *ex parte* application for a temporary restraining order and order to show cause as to why a preliminary injunction should not be issued. ECF No. 4. Defendant Tuspa Trade, LLC ("Tuspa") has not been served with either the present application for a temporary restraining order or the underlying complaint.

**I.    Facts and Procedural Background**

This is a fraudulent transfer action arising out of a loan agreement. Plaintiff CEB is an international bank incorporated in the Netherlands with its principal place of business in Amsterdam. On or about January 25, 2013, CEB entered into a loan and credit agreement with two companies, Kurum International S.H.A. and Kurum Demir Sanayi Dis Tacaret A.S. The loan and credit agreement was guaranteed by Kurum Holding A.S. ("Kurum Holding") and Hasmet Bedii Kurum ("Kurum"), the owner/director of the various companies. Pursuant to the

///

loan and credit agreement and the guarantee, Kurum pledged to not transfer any personal or company assets without CEB's written approval.

From 2013 through 2015, the two borrowing companies were extended credit under the credit and loan agreement in excess of €10,000,000.00. In 2016, CEB notified all parties involved in the credit and loan agreement and guarantee that an event of default had occurred under the agreement[1] and that repayment of the extended credit was due. At this time, no money has been repaid on the outstanding amounts.

Prior to Kurum's personal bankruptcy, but after the personal guarantee on the credit and loan agreement was executed, Kurum allegedly transferred, without CEB's express written permission, all shares Kurum had owned in a company known as Kosova e Re Sh. p.k. ("Kosova") to defendant Tuspa, a Nevada limited liability company set up by Kurum in 2014. At this time, the value of the shares in Kosova are alleged to be approximately €1,500,000.00.

On February 28, 2017, CEB initiated the underlying action for fraudulent transfer against defendant Tuspa. ECF No. 1. Along with its complaint, CEB filed the present *ex parte* application for a temporary restraining order. ECF No. 4.

**II.     Discussion**

In its present application, Credit Europe Bank requests the court issue a temporary restraining order without notice to defendant Tuspa. *See* ECF No. 4.

Pursuant to Rule 65, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party . . . only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Here, after reviewing the documents and pleadings on file in this matter, the court finds that CEB has satisfied the requirements for issuance of a temporary restraining order without

---

[1] The triggering event of default under the credit and loan agreement is identified at the personal bankruptcy of Kurum in Turkey.

notice under Rule 65. Although CEB has not filed a verified complaint in this action (*See* ECF No. 1), it has set forth specific facts in three separate declarations[2] attached to the present application establishing that immediate and irreparable injury is likely to occur if notice of the present application is required. Specifically, CEB has established that on previous attempts to collect on the underlying debt Kurum has repeatedly transferred assets to various companies around the globe in an attempt to hide those assets upon receiving notice of collection attempts and civil lawsuits. For example, in early 2016, CEB initiated legal action in Albania against Kurum Holding A.S. in an attempt to annul a similar transfer of stock from Kurum to a company incorporated in Delaware. After receiving notice of the Albanian lawsuit, the stock was transferred from that Delaware company to a Scottish limited liability partnership and then transferred again in an attempt to hide and protect that stock from the Albanian litigation. *See* ECF No. 4, Ex. 3. Based on this evidence, the court finds that there is a real likelihood that upon receiving notice of the pending lawsuit, Kurum and Tuspa will attempt to transfer the Kosova stock to another entity, likely outside of this court's jurisdiction as it did in the Albanian litigation. Therefore, the court finds that Credit Europe Bank has met the requirements for issuance of a temporary restraining order without notice.

IT IS THEREFORE ORDERED that plaintiff's *ex parte* application for a temporary restraining order (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that defendant Tuspa Trade, LLC is TEMPORARILY RESTRAINED from transferring, selling, gifting, or in any way relieving itself of any and all shares of Kosova e Re Sh. p.k., a Republic of Kosova insurance company, until such time that the court can decide whether to issue a preliminary injunction.

///

///

---

[2] In support of its application, Credit Europe Bank has provided the following attached declarations: Declaration of Arvin Tseng, counsel for Credit Europe Bank (ECF No. 4, Ex. 1); Declaration of Songul Balaban Yucebas, department manager and vice president for the structured trade and commodity finance department at Credit Europe Bank (ECF No. 4, Ex. 2); and Declaration of Aike Arjen Krips, the division director for the legal division at Credit Europe Bank (ECF No. 4, Ex. 3).

IT IS FURTHER ORDERED that plaintiff Credit Europe Bank, N.V. shall serve a copy of the *ex parte* application for a temporary restraining order and order to show cause (ECF No. 4) - along with a copy of the complaint (ECF No. 1), summons, and a copy of this order - on defendant no later than Thursday, March 2, 2017. Defendant may file a response to the request for a preliminary injunction no later than 5:00 p.m., Wednesday, March 8, 2017. Plaintiff may file a reply no later than 5:00 p.m., Friday, March 10, 2017.

IT IS FURTHER ORDERED that a hearing on plaintiff's request for a preliminary injunction is scheduled for Tuesday, March 14, 2017, at 10:00 a.m. in Courtroom 5 at the Bruce R. Thompson courthouse in Reno, Nevada. If the parties have any questions concerning the hearing, the parties may contact the courtroom deputy, Dionna Negrete, at (775) 686-5829 no later than Monday, March 13, 2017.

IT IS SO ORDERED.

DATED this 1st day of March, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE